JANE BIVINS, plaintiff in error, vs. SAML. H. CRAWFORD, ex'or, defendant in error.

A testator bequeathes a life estate in his slaves to his widow, with directions to his executors, to remove them at her death to a free country. And further, that if funds cannot be raised from the sale of his other property, sufficient to cover the expenses of their transportation, that the negroes be hired out until money enough can be raised for that purpose.

*Held,* That the will is void, under our anti-manumission Acts. And further, that in order to legalize the will, it is not competent for the Court to strike out one of the provisions of the instrument.

This was a motion in Marion County Superior Court, on an appeal from the Court of Ordinary, to set aside the fifth and sixth items of Thomas Bivins' will. Argued and determined at chambers, by consent of counsel. Decision by Judge WORRILL.

Thomas Bivins died leaving a will, of which the following are the fith and sixth items:

"*Item fifth.* After the death of my wife Jane, it is my will and desire that my executor, hereinafter named, shall take all of my slaves and their increase, which are now or may hereafter be born, to some State or Territory of the United States, which will admit them, where slavery is not tolerated; to the end that my said slaves be free; and in the event that no State or territory will admit said slaves as residents, to be free, then it is my will, that my said executor shall transport said slaves to the colony of Liberia, in accordance with the advice, rules and regulations of the Colonization Society.

*Item sixth.* It is my will and desire that after the death of my wife, that my executor shall sell all of my estate, (the slaves excepted,) upon such terms, private or public, as to my executor shall seem best, and that the money arising from such sale be applied by my executor in aid of carrying out the provisions in the fifth item of this will; and if there should

VOL. XXVI.—15.

not be sufficient to enable my executor to carry out said fifth item, he is hereby authorized, after the death of my said wife, to hire out said slaves until he shall realize sufficient, together with the amounts raised from said sale aforesaid, to render it practicable for my said executor to carry faithfully into execution the said provisions contained in said fifth item."

Counsel for Jane Bivins, (the wife of Thomas Bivins, and to whom, in the first item of the will, was given all of the testator's property, real and personal, of what kind soever, during her natural life, and at her death to be disposed of as thereinafter directed,) moved the Court to set aside the probate of the fifth and sixth items of said will, and declare said Thomas Bivins to have died intestate, as to the slaves, and the disposition made thereof, upon the ground that said Court of Ordinary had no jurisdiction to admit the same to probate, and because said fifth and sixth items of said will are contrary to the statutes of the State of Georgia.

The Court refused and disallowed said motion as to the said fifth item of said will, and refused and disallowed said motion as to said sixth item, except the words following, which occur in said sixth item, as to which, it was ordered and adjudged they be stricken and expunged from the record, viz:

"And if there should not be sufficient funds to enable my executor to carry out said fifth item, then he is hereby authorized, after the death of my said wife, to hire out said slaves until he shall realize sufficient, together with the amount raised from said sale aforesaid, to render it practicable for my said executor to carry faithfully into execution the said provisions contained in said fifth item."

To which decision counsel for plaintiff excepted, and has assigned error.

M. H. BLANFORD, for plaintiff in error.

S. H. CRAWFORD, for defendant in error.

Bivins vs. Crawford, ex'or.

*By the Court.*—LUMPKIN J. delivering the opinion.

We are unable to distinguish this case from that of *Thornton vs. Chisholm, (20 Ga. Rep. 338.)* True, that in that case, there were words of present manumission used in the instrument. "I have manumitted and set free, and do manumit and set free," &c. But the Court laid no stress upon this language in the decision.

These negroes were the property of Mrs. Bivins till the moment of her death. The instant afterwards they were, by the terms of the will, freemen in this State.

But were this not so, we are inclined to think, that policy forbids that such a construction should be put upon our anti-emancipation laws, as to allow negroes to remain in our midst, who are ultimately, after the termination of one or more lives, entitled to their freedom. The case of *Smithwick vs. Evans*, decided at this Court six months since, and not yet reported, is supposed to be entirely similar to this case. Not having been present when that case was heard, I cannot say.

I would merely add, that so far as testamentary disposition is concerned, one part of a will may be stricken out and the rest stand. But not so as to the construction of the instrument. To ascertain the intention of the testator, we must look to the entire instrument.

Judgment reversed.